Argued and submitted July 2, affirmed September 17, 2014.

In the Matter of the Compensation of
Alicia G. Tono, Claimant.

## SAIF CORPORATION
and HCW Clients,
*Petitioners,*

*v.*

Alicia G. TONO,
*Respondent.*

Workers' Compensation Board
1200495; A153393

336 P3d 565

David L. Runner argued the cause and filed the briefs for petitioners.

Spencer D. Kelly argued the cause for respondent. With him on the briefs was Welch, Bruun & Green.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

## LAGESEN, J.

The question in this case is whether ORS 656.039(5) limits the workers' compensation coverage available to a home care worker funded by the state on behalf of the client to only those injuries suffered by the worker while performing state-funded activities—as distinguished from those activities not funded by the state—for the client. We conclude that it does not.

## I. BACKGROUND

This case arises on SAIF Corporation's (SAIF's) petition for judicial review of an order of the Workers' Compensation Board (board). The pertinent facts are not disputed.[1] Claimant is a home care worker within the meaning of ORS 410.600.[2] At the time of her injury, she was employed by her client/employer through a program administered, in part, by the State of Oregon Department of Human Services (DHS). As part of that program, a DHS Case Manager generated a "Service Plan" for claimant's client/employer and an associated "Task List" for claimant. The "Service Plan" and "Task List" set forth the number of home care service hours for which claimant's home care client/employer was eligible under the program and identified the tasks for which the claimant would be compensated. Claimant's Task List for her client/employer provided, among other things, that she was to assist the client with "moving around outside,"

---

[1] The parties do not challenge the board's factual findings. We therefore take the facts from the board's order, supplementing with consistent facts from the record as necessary. *Meltebeke v. Bureau of Labor and Industries*, 322 Or 132, 134, 903 P2d 351 (1995).

[2] ORS 410.600(8) provides that a "Home care worker" is

"(a) A person:

"(A) Who is hired directly by an elderly person or a person with a physical disability or by a parent or guardian of an elderly person or a person with a physical disability;

"(B) Who receives moneys from the Department of Human Services for the purpose of providing care to the elderly person or the person with a physical disability;

"(C) Whose compensation is funded in whole or in part by the department, an area agency or other public agency; and

"(D) Who provides either hourly or live-in home care services; or

"(b) A personal support worker."

"[p]lacing food/utensils within reach," "[b]reakfast [p]reparation," and "get[ting] in/out of a vehicle." The Task List did not specifically authorize claimant to transport the client/employer or to conduct any services for the client/employer away from the client/employer's home. Under the DHS program, claimant's client/employer was her employer, and was responsible for hiring claimant, directing claimant's work, and, ultimately, firing claimant. However, claimant was paid through DHS for providing the services on the Task List.

One morning, after claimant had performed some services on the Task List, the client/employer requested that claimant take her out for breakfast because the client/employer did not want to have breakfast at home. Claimant complied with the request and, while driving her client/employer to get breakfast, was involved in a motor vehicle accident. Claimant sustained injuries requiring medical treatment.

Thereafter, claimant submitted a workers' compensation claim to petitioner SAIF in connection with the injury. SAIF denied the claim on the ground that claimant's injury "did not arise out of or occur within the course of [her] employment." Claimant requested a hearing before an administrative law judge (ALJ), and, following the hearing, the ALJ upheld SAIF's denial, also concluding that claimant's injury "did not arise out of or in the course and scope of her employment." The ALJ found that claimant had taken the client/employer out to breakfast at the client/employer's direction but that that activity was not on claimant's Task List. Based on those findings, the ALJ concluded that claimant's injury did not occur in the scope of her employment because it did not occur during a Task List activity.

Claimant appealed the ALJ's order to the board, and the board reversed the ALJ's order and set aside SAIF's denial of claimant's claim. The board concluded that claimant's injury arose out of, and occurred in the course of, claimant's employment, based on the fact that the injury occurred during her employment hours, while she was performing a service for her employer, and at the direction of her employer, even though the injury occurred during an activity that was not included on the Task List. As a result,

the board concluded that claimant had suffered a compensable injury. SAIF timely petitioned this court for review of the board's order.

## II. STANDARD OF REVIEW

As explained further below, SAIF contends that the board misinterpreted the requirements of ORS 656.039(5) when it concluded that claimant was entitled to workers' compensation coverage for an injury incurred in an employer-directed activity that was not funded by the state. We review the board's order to determine whether it reflects an erroneous interpretation of ORS 656.039(5) and, if so, whether the correct interpretation of the statute requires the board to take a particular action. ORS 183.482(8)(a).

## III. ANALYSIS

On review, SAIF does not contest that claimant was injured while performing a service directed by her employer or that, under ordinary circumstances, claimant's injury would be deemed to have arisen out of, and occurred in the course of, claimant's employment, in light of the fact that the employer directed that claimant conduct the activity in which she was injured. Instead, SAIF argues that, in concluding that claimant was entitled to workers' compensation coverage for her injury, the board erroneously interpreted ORS 656.039(5).[3] SAIF contends that, in the case of home care workers, ORS 656.039(5) supplants the ordinary framework for determining whether an employee's injury arises out of, and occurs in the course of, employment and is therefore compensable. SAIF further asserts that ORS

---

[3] SAIF also argues that administrative rules limit workers' compensation coverage for home care workers to activities funded by the state. However, the administrative rules cited by SAIF—OAR 411-030-0050(3)(c) (Dec 14, 2012) and OAR 411-030-0040(3)(a) (Dec 14, 2012)—do not discuss the scope of workers' compensation coverage available to home care workers and, thus, are not probative of whether workers' compensation coverage for home care workers is restricted to state-funded activities. Moreover, a different administrative rule indicates that the Collective Bargaining Agreement between home care workers and the Home Care Commission may set forth the parameters for workers' compensation for home care workers. *See* OAR 411-031-0040(12) ("Workers' compensation and health insurance are available to eligible homecare workers as described in the Collective Bargaining Agreement."); *see also* Or Const, Art XV, § 11(3)(f); ORS 410.612; ORS 410.614 (all providing for collective bargaining for home care workers).

656.039(5) limits workers' compensation coverage for home care workers to injuries sustained while performing activities funded by the state, that is, activities on the Task List. Accordingly, in SAIF's view, the board erred by setting aside the denial, because ORS 656.039(5) establishes as a matter of law that claimant's injury—which did not occur during a Task List activity—is not one for which workers' compensation coverage is available.

We reject SAIF's interpretation of ORS 656.039(5). The text and the context of that statute demonstrate that it does not impose the limitation on workers' compensation coverage for home care workers that SAIF claims it does.

ORS 656.039(5) provides:

"(a) The Home Care Commission created by ORS 410.602 shall elect coverage on behalf of clients of the Department of Human Services or the Oregon Health Authority who employ home care workers to make home care workers subject workers if the home care worker is funded by the state on behalf of the client.

"(b) As used in this subsection, 'home care worker' has the meaning given that term in ORS 410.600."

Nothing in the plain terms of that provision imposes any limitation on the scope of workers' compensation coverage available to state-funded home care workers.[4] In particular, the provision does not state that coverage is limited to injuries incurred by home care workers during state-funded *activities*. Instead, the statute simply makes clear, particularly when read in conjunction with the definition of "home care worker" in ORS 410.600(8), that home care workers who receive state funding are subject workers for purposes of the Workers' Compensation Law. To read ORS 656.039(5) to say that workers' compensation coverage for home care

---

[4] We note that, in 2014, the legislature amended ORS 656.039 to make privately paid home care workers, as well as state-funded home care workers, eligible for workers' compensation coverage upon election by the Home Care Commission. Or Laws 2014, ch 116, § 12. As amended, that statute provides, in pertinent part, that "[t]he Home Care Commission created by ORS 410.602 shall elect coverage on behalf of persons who employ home care workers to make home care workers subject workers." ORS 656.039(5)(a). The amendments took effect on April 1, 2014, and become operative on July 1, 2015, but do not bear on our analysis.

workers applies only to state-funded *activities* would require us to insert terms into the statute that the legislature did not include. ORS 174.010 bars us from rewriting the statute in that manner. ORS 174.010 (in construing a statute, courts shall "not insert what has been omitted").

The context of ORS 656.039(5) also counters SAIF's interpretation of it. As SAIF points out in its brief, other provisions of the Workers' Compensation Law—specifically, ORS 656.031 (governing municipal volunteers),[5] ORS 656.033 (governing worker experience trainees),[6] and ORS 656.041 (governing city and county inmate workers)[7]— all provide for workers' compensation coverage for certain unique categories of workers, but all also explicitly limit coverage to specified activities by those workers. If the legislature had intended to limit workers' compensation coverage for home care workers to particular activities, it would have said so expressly, as it did in ORS 656.031, ORS 656.033, and ORS 656.041, by stating that home care workers were entitled to workers' compensation benefits "provided the injury occurred while the home care worker was performing

---

[5] ORS 656.031(4) provides, in pertinent part, that municipal volunteers are entitled to workers' compensation benefits

"if injured as provided in ORS 656.202 while performing any duties arising out of and in the course of their employment as volunteer personnel, *if the duties being performed are among those:*

*(a) Described on the application of the county, city or municipality; and*

*(b) Required of similar full-time paid employees.*"

(Emphases added.)

[6] ORS 656.033(4) provides, in pertinent part, that work experience trainees are entitled to workers' compensation benefits

"if injured as provided in ORS 656.156 and 656.202 while performing any duties arising out of and in the course of their participation in the work experience program or school directed professional education project, *provided the duties being performed are among those:*

*(a) Described on the application of the school district; and*

*(b) Required of similar full-time paid employees.*"

(Emphases added.)

[7] ORS 656.041(4) provides, in pertinent part, that certain city and county inmate workers are entitled to workers' compensation benefits "if injured as provided in ORS 656.202 while performing any duties arising out of and in the course of their participation in the authorized employment, *provided the duties being performed are among those described on the application of the city or county.*" (Emphasis added.)

a state-funded duty," or some similar wording. The legislature's omission of that type of express limitation in ORS 656.039(5) indicates that it did not intend to impose one on workers' compensation coverage for home care workers.

In the light of that text and context,[8] we conclude that ORS 656.039(5) does not limit workers' compensation coverage for home care workers to state-funded activities only and that the board's order therefore does not represent an erroneous interpretation of that statutory provision. In reaching that conclusion, we emphasize the narrowness of our holding. It is possible that there is some other limitation on the scope of workers' compensation coverage for home care workers, but SAIF has not identified one. For that reason, we express no opinion on whether other limitations restrict workers' compensation coverage for home care workers to state-funded activities and hold only that ORS 656.039(5) does not impose that limitation.

Affirmed.

---

[8] We have reviewed the legislative history of ORS 656.039(5), but did not find it probative of the question in this case.